IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | 2:04cr252 |
| ) | |
| LABARON ROBINSON, a/k/a Labaron ) | |
| Joseph Robinson, a/k/a Lebaron Joseph ) | |
| Robinson, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition is the GOVERNMENT'S MOTION TO RECONSIDER (*Document No. 33*). For the following reasons, the motion will be denied.

Background

Defendant Labaron Robinson ("Robinson" or "Defendant") was indicted by a Grand Jury on September 28, 2004, and charged with one count of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, sections 922(g)(1) and 924(e). The basic facts of the case are as follows: On the evening of June 7, 2003, Officer Sullivan of the Pittsburgh Police Department was directing traffic around a fallen tree on Lincoln Avenue. Defendant was driving down Lincoln Avenue, came upon Officer Sullivan and the tree, negotiated the obstruction in the road, and continued along Lincoln Avenue. Officer Sullivan then sent out a broadcast over his police radio in which he stated that he had been struck by the side view mirror of an automobile while directing traffic. Officer Sullivan described the vehicle that struck him; the description matched the automobile driven by Defendant. In response to the broadcast, Defendant was stopped a few blocks down the road by Officers Weber and Hartung of the Pittsburgh Police Department. Defendant fled from the automobile on foot and dropped a loaded pistol during his flight from the officers. During the chase, Defendant also yelled, "back off, I've got a gun," or words to that effect. Defendant was unable to elude the officers and was arrested.

Defendant filed a Motion to Suppress (*Document No. 21*) in which he alleged that his automobile was stopped in violation of the Fourth Amendment to the United States Constitution.

On August 19, 2005, the Court conducted an evidentiary hearing on the Motion to Suppress. At issue at the hearing was whether Officer Sullivan possessed either probable cause or reasonable suspicion to stop Defendant's vehicle. Officer Sullivan was not present and did not testify at the hearing. However, Robert Abram ("Abram"), the passenger in Defendant's automobile on the night in question, testified that when Defendant approached the area of the tree, he and Defendant encountered Officer Sullivan, who motioned for Defendant to go around the tree. Abram further testified that Defendant drove around the tree (and Officer Sullivan) without incident, *i.e*, Officer Sullivan never instructed Defendant to stop, and Defendant's vehicle never struck or grazed Officer Sullivan. Finally, Abram testified that when Defendant's vehicle passed by Officer Sullivan, the distance between Defendant's vehicle and Officer Sullivan was too far for the vehicle's side view mirror to have struck Officer Sullivan.

At the conclusion of the hearing, the Court took the matter under advisement and allowed the parties an additional period of time to brief the issues raised at the hearing. On November 10, 2005, the Court entered Findings of Fact and Conclusions of Law. *See* Document No. 32. The Court, relying upon *United States v. Coward*, 296 F.3d 176, 179 (3d Cir. 2002) and crediting Abram's unrebutted testimony, found that the government did not present sufficient evidence from which the Court could conclude that Officer Sullivan had an articulable and reasonable suspicion that Defendant had violated the law during the time that Defendant and his vehicle were observed by Officer Sullivan, that the subsequent stop of Defendant's automobile by Officers Weber and Hartung was unlawful, and that the evidence obtained during the subsequent foot chase was obtained by exploitation of the illegality of the traffic stop. Findings of Fact at p. 6-7. Therefore, the evidence obtained from Defendant during the foot chase was suppressed as fruit of the poisonous tree. *Id*. at p. 7.

Discussion

The government essentially contends that *Coward* is distinguishable based on the hearsay testimony of Officers Weber and Hartung. Officers Weber and Hartung testified at the hearing that Officer Sullivan sent out a broadcast over his police radio in which Officer Sullivan stated

that he had been struck by the side mirror of an automobile while directing traffic.  Although the Court initially sustained a defense objection to this testimony on the basis of hearsay, in ruling on the motion the Court recognized that hearsay is admissible at a suppression hearing.  *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *Brosius v. Warden, U.S. Penitentiary, Lewisburg, PA*, 278 F.3d 239, 246 n.4 (3d Cir. 2002).  However, in light of the officers' rather weak hearsay testimony and the credible unrebutted testimony of Abrams, who was at the scene and observed firsthand what actually occurred, the Court found that the government did not present sufficient evidence from which the Court could conclude that Officer Sullivan had an articulable and reasonable suspicion that Defendant had violated the law during the time that Defendant and his vehicle were observed by Officer Sullivan.  Findings of Fact at p. 6.  The Court perceives no error in its Findings of Fact or Conclusions of Law which requires or warrants a reversal of its ruling.  The Court also declines to reopen the record to allow additional evidence as the government has not established an appropriate reason to do so.  *See Coward*, 296 F.3d at 180-183.  Accordingly, the Government's Motion to Reconsider will be denied.

## Conclusion

For the reasons hereinabove stated, the Government's Motion to Reconsider will be denied.  An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:04cr252 |
| ) | |
| LABARON ROBINSON, a/k/a Labaron ) | |
| Joseph Robinson, a/k/a Lebaron Joseph ) | |
| Robinson, ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 1st day of December, 2005, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that the Government's Motion to Reconsider (*Document No. 33*) is DENIED. Defendant's Motion for Additional Time to Respond to Government's Motion to Reconsider (*Document No. 34*) is DENIED AS MOOT.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Almon S. Burke, Jr., AUSA
      Email: almon.burke@usdoj.gov

      Jay J. Finkelstein, AFPD
      Email: jay_finkelstein@fd.org